UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 10-4370(DSD/SER)

Joshua J. Israel,

   Plaintiff,

v.                **ORDER**

Aerotek Commercial Staffing,

   Defendant.

   Joshua J. Israel, P.O. Box 535, 3910 12th Avenue East, Shakopee, MN 55379, pro se.

   Alyson M. Palmer, Esq., Shannon M. McDonough, Esq. and Fafinski, Mark & Johnson, 775 Prairie Center Drive, Suite 400, Eden Prairie, MN 55344 and W.C. Blanton, Esq., William E. Corum, Esq. and Husch and Blackwell, 4801 Main Street, Suite 1000, Kansas City, MO 64112, counsel for defendant.

This matter is before the court upon the motion to dismiss by defendant Aerotek, Inc. (Aerotek) and motions to remand, to amend process and for sanctions by pro se plaintiff Joseph J. Israel. Based on a review of the file, record and proceedings herein, and for the following reasons, the court grants defendant's motion and denies plaintiff's motions.

**BACKGROUND**

Israel was employed at Aerotek, a temporary staffing agency, for approximately nine months in 2008 and 2009. On September 29, 2010, Israel filed an "Application and Motion for Summary Judgment" in Minnesota state court, naming Aerotek Commercial Staffing as

defendant. See ECF No. 1, Ex. A.  Aerotek Commercial Staffing is a division of Aerotek.  Benton Aff. ¶¶ 2-3.  Israel filed a "Certificate of Service" in the state court action, purporting that Aerotek was served on October 6, 2010.  See ECF No. 1, Ex. B. Aerotek timely removed, alleging that jurisdiction is proper under 28 U.S.C. § 1332(a)(1) because Israel is a citizen of Minnesota, Aerotek is a Maryland corporation with its principal place of business in Hanover, Maryland, and the amount in controversy exceeds $75,000 exclusive of interests and costs.[1]  See ECF No. 1, Ex. A, at 1; Benton Aff. ¶¶ 2-3; Notice of Removal ¶ 8.  Defendant moves to dismiss pursuant to Federal Rule 12(b)(4), 12(b)(5) and 12(b)(6) because Israel never filed or served Aerotek with a complaint and fails to state a claim upon which relief can be granted.

**DISCUSSION**

A complaint must, after taking all facts alleged in the complaint as true, "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).

---

[1] Israel argues that there is no diversity of citizenship because the "actual defendant in this case" is Terry Strom, the licensed manager of the Minnesota Aerotek office.  Israel further moves to quash the removal and the motion to dismiss, for Rule 11 sanctions, and for remand.  See ECF Nos. 7, 12, 20.  Strom's name does not appear in Israel's filing, which identifies Aerotek as the defendant.  Therefore, the court rejects Israel's argument, and denies the motion to remand.  Furthermore, Israel's motion for Rule 11 sanctions is without merit and is denied.

Although a complaint need not contain detailed factual allegations, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 555). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff [has pleaded] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). However, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the complaint fails to state a claim. Id. at 1950 (quotations and citation omitted). The court liberally construes pro se complaints. Haines v. Kerner, 404 U.S. 519, 520 (1972); Haggy v. Solem, 547 F.2d 1363, 1364 (8th Cir. 1977).

The rules of civil procedure require a plaintiff to file a complaint that states a claim for relief. See Fed. R. Civ. P. 7 ("Only these pleadings are allowed: (1) complaint ..."); Fed. R. Civ. P. 8 (requiring "a short and plain statement of the claim showing that the pleader is entitled to relief" be set forth in a "pleading."). Aerotek argues that dismissal is warranted because Israel's initial filing is not a complaint in title or in

3

substance. The court agrees. Even liberally construing Israel's pro se filing, the court finds that it fails to state a claim for relief against Aerotek. Instead, the filing focuses extensively on alleged shortcomings of the Minnesota Department of Human Rights investigation into Israel's charge of discrimination. Therefore, Israel has failed to state a claim against Aerotek, and dismissal is warranted.[2]

After the hearing on the instant motion, Israel filed a "motion to amend process" and "motion to remand case back to state court" along with a complaint. See ECF No. 20. He also filed an identical complaint in a new case, civil number 10-cv-04931 (DSD/SER). Because Israel has filed a new action, the court denies the motions to amend process and for remand.

## CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that:

1. Defendant's motion to dismiss [ECF No. 8] is granted;

2. Plaintiff's objection to removal and motion to dismiss removal [ECF No. 7] is denied;

---

[2] Dismissal is also warranted under Federal Rules 12(b)(4) and 12(b)(5) because Israel never served Aerotek with a complaint. See Minn. R. Civ. Pro. 3.02 ("[a] copy of the complaint *shall* be served with the summons.") (emphasis added); Norsyn, Inc. v. Desai, 351 F.3d 825, 829 (8th Cir. 2003) (court looks to state law to determine sufficiency of service of process prior to removal).

3.   Plaintiff's motion to quash removal and motion for Rule 11 sanctions [ECF No. 12] is denied; and

4.   Plaintiff's motion to amend process/motion to remand to state court [ECF No. 20] is denied.

**LET JUDGMENT BE ENTERED ACCORDINGLY**

Dated:  February 9, 2011

                                                  s/David S. Doty
                                                David S. Doty, Judge
                                                United States District Court